HENN, Admr., v. THE STATE UNIVERSITY.

*Appeal from Jefferson District Court — Tuesday, July 23.*

SCHOOL LAND CONTRACTS: THE CASE OF HENN, ADMR., V. THE STATE UNIVERSITY, 22 IOWA, 185, RE-AFFIRMED.

*Stubbs & McCoid* for the appellant — *Negus & Culbertson* for the appellee.

WRIGHT, J. — This case will be found reported in 22 Iowa, 185. In view of its importance to plaintiff, and of the questions involved to the public, and the University fund, a rehearing was granted, and the parties again heard at the present term. The case has been re-examined, and I am instructed to announce the opinion of all the judges, that the former order reversing the decree below, and dismissing the petition, should remain undisturbed. It is proper, without entering upon the ground covered by the former opinion, that we should state very briefly our reasons for this conclusion.

Preliminarily, we may notice a matter, growing out of the state of the pleadings (not discussed in the former opinion), and upon which plaintiff relies as effectually settling her right to an affirmance. The action of the board canceling and declaring forfeited the contract, was set up in the answer. To this there was a demurrer, which was sustained. There was no further answer as to such cancellation, and it is hence claimed that all this part of the defense was out of the case. The right to damages, or to recover back the money paid, however, is denied. And it is also set up that by reason of the failure to pay the interest for three years, the land was resold for a sum less than what was due on plaintiff's note, and that defendant was authorized to do this by the terms of the contract. The former opinion is not based upon the action of the board declaring the forfeiture, so much as upon the duty of the vendees of these lands to make prompt payments according to the terms of their contract. And in the view we now take of the case (not indeed essentially different from that announced on the former hearing), plaintiff may be conceded all that is claimed from the pleadings, and the result not be changed.

The contract with the university bound plaintiff to pay the *interest annually*. That prompt payment was contemplated is abundantly shown from all its terms, and this view is fortified by every act passed in relation to this fund, its security and collection. And, from the very nature of things, the object of the fund, the uses to which this interest was to be applied, the consequences to result if purchasers and borrowers should prove delinquent, this must be so. It was never contemplated that a purchaser could allow his interest to become delinquent year after year, and then, after the land has passed into the hands of innocent purchasers, permit him to come into equity and recover back, with interest, payments made years before. And especially so, when those controlling the fund, acting in good faith, have received no more, by the resale, than plaintiff was under obligations to pay. Considerations of the most controlling public policy forbid such a recovery. Prompt payment was a necessity to accomplish the very object of defendant's creation. Plaintiff contracted with a knowledge of this, and he asks, in equity, to be relieved against the declared consequences of his own negligence. There would be much greater equity in his

claim to the land if it had not been resold, upon paying the balance of the purchase money, than in asking a court of equity, in the face of his negligence, in defiance of the clearest public policy, to make the university a borrower from all its debtors ; liable to refund with interest for sums paid years before, and expended in the utmost good faith that its debtors would meet their contracts and thus assist, in the language of the law, in providing "the best and most efficient means of imparting to the youth of the State a thorough knowledge of the different branches of literature, the arts and sciences."

The mistake of plaintiff is, in applying the rules pertaining to contracts between individuals to that in question. Here was a great public interest to be promoted and sustained. The Constitution recognizes it as such, the law so regards it and every citizen of the State must so treat it. Plaintiff's intestate knew this when he entered into this contract. He knew, also, that the interest on these sales constituted the principal fund for its support ; and, just as reasonably, that this interest was needed annually and promptly. His obligations are therefore to be guaged, if we may so speak, by a stricter equity, and the rights of the university to be more liberally construed than if there were no such high considerations of controlling public policy entering as an element into the case.

The order therefore made reversing the judgment below and dismissing the petition, violates no rule, is in accordance with the clearest principles of public justice, and will therefore remain undisturbed.